## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JANET D. LEICHLING, *et al.*,     )<br><br>      Plaintiffs,     )<br><br>vs.     )<br><br>HONEYWELL INTERNATIONAL, INC.,     )<br><br>      Defendant.     ) | Civil Action No. _____<br><br>Removed From Circuit Court For Baltimore City, Case No. 24-C-14-002895 |

## NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1367, 1441, AND 1446

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, and any other applicable laws, Defendant Honeywell International Inc. ("Honeywell") hereby gives notice of removal of the above action, entitled *Leichling, et al. v. Honeywell International Inc.*, bearing Case No. 24-C-14-002895 from the Circuit Court for Baltimore City, Maryland, to the United States District Court for the District of Maryland, Baltimore Division. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of the process, summons, Complaint, and the Amended Complaint are attached hereto. *See* Exs. A - D.

As grounds for removal, Honeywell states as follows:

## I.    REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY

1.    On May 16, 2014, Plaintiffs filed a civil action ("the Complaint") in the Circuit Court for Baltimore City, Maryland against Honeywell ("Baltimore City Action"). *See* Ex. C. Plaintiffs filed an Amended Complaint on May 23, 2014. *See* Ex. D.

2.     Honeywell was formally served the Complaint and Amended Complaint on July 17, 2014. *See* Ex. A.

3.     The Notice of Removal is timely filed within 30 days of Honeywell being formally served. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."); *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (finding that "mere receipt of the complaint unattended by any formal service" does not trigger the 30 day time period).

4.     No further pleadings have been filed, and no proceedings have yet occurred in the Baltimore City Action.

5.     The District of Maryland is the federal judicial district encompassing the Circuit Court for Baltimore City, Maryland, where this suit was originally filed.  Venue is therefore proper in this District under 28 U.S.C. § 1441(a).

## II.     BASIS FOR JURISDICTION

6.     Removal of this action is appropriate under 28 U.S.C. § 1441.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  In addition, the Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 because it is a civil action containing claims arising under the laws of the United States.  Finally, to the extent that the Court does not have jurisdiction over individual claims in this action pursuant to either 28 U.S.C. §§ 1331 or 1332(a), the Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

### A.   This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction)

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

#### 1.   There is Complete Diversity Between the Parties

8.      Removal of this action is appropriate on the basis of complete diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

9.      At the time of filing and at the time of this Notice, Honeywell is and has been a corporation organized and existing under the laws of the State of Delaware, with its headquarters and principal place of business at 101 Columbia Road, Morristown, New Jersey.  Honeywell is therefore a citizen of the States of Delaware and of New Jersey. *See* 28 U.S.C. 1332(c)(1).

10.     Plaintiffs are 6 individuals from the State of Maryland who assert causes of action against Honeywell in their various capacities as the surviving family members of John G. Leichling.

11.     Plaintiff Janet D. Leichling, individually, as Personal Representative of the Estate of John G. Leichling, and as surviving spouse of John G. Leichling, is a citizen of the State of Maryland.  *See* Exs. C and D (listing address in the case caption).

12.     Plaintiff Dawn M. Rose is a citizen of the State of Maryland.  *Id.*

13.     Plaintiff Gregory A. Leichling is a citizen of the State of Maryland.  *Id.*

14.     Plaintiff Catherin L. Timms is a citizen of the State of Maryland.  *Id.*

15.     Plaintiff Helen Catterton is a citizen of the State of Maryland.  *Id.*

16.     Plaintiff John R. Leichling is a citizen of the State of Maryland.  *Id.*

3

17.     Thus, because this action involves a controversy between "citizens of a State and citizens or subjects of a foreign state," there is complete diversity between all Plaintiffs and Honeywell. 28 U.S.C. §§ 1332, 1441.

2.     The Amount in Controversy Requirement is Met

18.     Pursuant to 28 U.S.C. § 1332, the amount of controversy requirement is satisfied where, based on the factual allegations of the complaint, the amount exceeds $75,000, exclusive of interests and costs.

19.     Pursuant to 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ."

20.     Here, Plaintiffs explicitly seek compensatory damages in excess of $75,000. *See* Ex. D (Am. Compl.), ¶ 4 (noting that "Plaintiffs' damages exceed $75,000"). Indeed, the Amended Complaint includes eight causes of action, and for each cause of action, Plaintiff specifically demands a judgment against Honeywell for more than $75,000 in compensatory damages. *See id.* at ¶¶ 50, 62, 72, 79, 82, 91, 98, 106.

21.     Accordingly, the amount in controversy in this action exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(a), 1446(c)(2).

**B.     This Court Has Jurisdiction Pursuant to 28 U.S.C. §§ 1331 (Federal Question Jurisdiction)**

22.     Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

23.     Federal question jurisdiction lies over state law claims that implicate significant federal issues. *See Grable & Sons Metal Prods., v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *see also Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013).

4

24.     Plaintiffs in this action seeks damages related to injuries allegedly incurred in the course of John G. Leichling's employment as a longshoreman, Ex. D (Am. Compl.) ¶¶ 1 & 35, implicating issues related to the effect of the federal Longshoremen and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 - 950, on this case.

25.     Removal of this action is therefore appropriate on the basis of federal questions jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

C.    **This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1367 (Supplemental Jurisdiction)**

26.     Because the Court has original jurisdiction over at least some of the claims contained in the Amended Complaint pursuant to 28 U.S.C. §§ 1331 and 1332(a), the Court has "supplemental jurisdiction over all other claims" in this action, as all of the claims asserted in the Amended Complaint "are so related" that they form part of the same case or controversy. As a result, all claims in the Amended Complaint are appropriate for removal under 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.

III.    **NOTICE IS BEING SENT TO PLAINTIFFS AND FILED IN STATE COURT**

27.     Pursuant to 28 U.S.C. § 1446(d), Honeywell shall promptly give Plaintiffs written notice of the filing of this Notice of Removal.

28.     Pursuant to 28 U.S.C. § 1446(d), Honeywell shall promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court for Baltimore City, Maryland.

WHEREFORE, Defendant Honeywell International Inc. hereby gives notice that the above-entitled state court action, formerly pending in the Circuit Court for Baltimore City, Maryland be removed to the United States District Court for the District of Maryland.

Dated: August 14, 2014

Respectfully submitted,

ARNOLD & PORTER LLP

By: _____
Michael Daneker, Bar # 28481

555 Twelfth Street, NW
Washington, D.C.
Telephone: (202) 942-5177
Fax: (202) 942-5999
Michael.Daneker@aporter.com

By: _____
Tom McSorley, Bar # 18609

555 Twelfth Street, NW
Washington, D.C.
Telephone: (202) 942-5668
Fax: (202) 942-5999
Tom.McSorley@aporter.com

*Counsels of Record for Defendant Honeywell International Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was mailed by first class mail, postage prepaid, on this 14th day of August 2014, to:

Timothy Manuelides, Esq.
Law Offices of Peter G. Angelos
100 N. Charles Street
Baltimore, Maryland 21201


Allyson Himelfarb, Esq.